SALISBURY et al. v. WASHINGTON COUNTY.

(Supreme Court, Appellate Division, Third Department. May 10, 1898.)

1. ACTION AGAINST COUNTY—INJURY BY MOB.
   On the trial of an action against a county for property destroyed by a mob, the evidence detailed the circumstances attending the destruction, and the question of inability to give the statutory notice of the riot to the sheriff was not raised. *Held*, that the evidence was sufficient to sustain a finding that plaintiffs were unable to notify the sheriff, as required by Laws 1892, c. 17, § 21, before holding county liable.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   The objection that the evidence fails to show that the action was commenced within the required time cannot be made for the first time on appeal.

Appeal from special term, Washington county.

Action by Horace Salisbury and others against the county of Washington. Verdict for plaintiffs, and from an order setting it aside, and granting a new trial (48 N. Y. Supp. 122), plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Ostrander & Salisbury, for appellants.
O. A. Dennis, for respondent.

LANDON, J. The action was brought to recover damages alleged to have been sustained by reason of a riot which it is claimed took place in the town of Greenwich, Washington county, on or about the 17th of October, 1896, resulting in the injury to certain premises of the plaintiffs, known as the "Grove Hotel." The evidence tended to show, and the jury by their verdict have found, that the plaintiffs' house was injured by a mob or riot. The learned trial judge, upon motion of the defendant, set the verdict aside, and granted a new trial, "because, first," as stated in the order, "the plaintiffs failed to prove upon the trial that they notified the sheriff of the county of a threat or attempt to destroy their property immediately upon acquiring such knowledge, or that they did not have such knowledge until the property was injured; second, the plaintiffs failed to prove upon the trial that they brought their action within three months after the damages were sustained."

The statute under which the action was brought is as follows (General Municipal Law, c. 17; Laws 1892, § 21):

"A city or county shall be liable to a person whose property is destroyed or injured therein by a mob or riot for the damages sustained thereby, if the consent or negligence of such person did not contribute to such destruction or injury, and such person shall have used all reasonable diligence to prevent such damage, shall have notified the mayor of the city, or the sheriff of the county, of a threat or attempt to destroy or injure his property by a mob or riot, immediately upon acquiring such knowledge, and shall bring an action therefor within three months after such damages were sustained."

We assume that the conditions specified in the statute must be proven by the plaintiffs to entitle them to recover, except that the inability to give notice to the sheriff excuses the giving of it. Ely

v. Board, 36 N. Y. 297.   The plaintiffs did not give any prior notice
to the sheriff.

Upon the trial, the testimony was directed to the circumstances
of the attack by the rioters upon plaintiffs' house, and the damages
done.   The testimony closed without attention having been directed
by either party to the matter of notice to the sheriff, or to the time
when the action was commenced.   The record recites: "The defend-
ant moved upon the evidence to dismiss the complaint, upon the
ground that they have failed to prove facts sufficient to constitute
a cause of action.   Motion denied.   Exception taken."   The trial
court thereupon charged the jury, among other essential matters,
that if the plaintiffs "did not have prior to that time [when the riot
took place] notice of it, so they could have communicated with the
proper officers of the county, and if they brought their action for the
recovery of the damages within three months after the injury was
sustained by them, then they are entitled to recover whatever dam-
ages you may find," etc.   The court further charged, in effect, that,
if the plaintiffs had no notice or information that any such injury
was to be attempted upon their property, they were not bound to
give the sheriff notice.   We think the jury were authorized, upon
the evidence of the circumstances, and in view of the fact that the
point was not so taken as to suggest to their minds that there was
any dispute about it, in finding that the plaintiffs did not have any
notice or information that any attack upon their property was medi-
tated.   The trial court said to the jury (and, we think, properly,
under the evidence), "You can readily see that their going there may
have been perfectly lawful in the first instance," and "if, being there,
three or more of them formed a common purpose to destroy or injure
this building, and if, in pursuance of that common purpose, carried
it into effect," then the property was injured by a mob or riot, with-
in the meaning of the statute.   We think, therefore, that the verdict
ought not to have been set aside because of the plaintiffs' failure
to notify the sheriff or to give further evidence upon the trial ex-
cusing such failure.   Practically, the point was not made until after
verdict, and the course of the trial leads us to think that, if it had
been made before verdict, it would have been more completely obvi-
ated.

2. The injury was done October 17, 1896.   The case opens with
the statement, "This action was begun on the 15th of January, 1897."
This statement is made by the appellant under the rule.   This, of
course, is not part of the evidence given upon the trial, but it sug-
gests that the objection was not there taken, because, if taken, it
would have been obviated.   We may, after verdict, assume that this
fact, known to both parties, and easily provable, was assumed to be
true for the purposes of the trial.

The order should be reversed, with costs.

Order reversed, with costs and disbursements.   All concur.